IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

RONALD E. SCHROEDER,

OPINION AND ORDER

Petitioner,

17-cv-139-bbc

v.

LIZZIE TEGELS,

Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Ronald Schroeder has filed a petition for a writ of habeas corpus under 28 U.S.C. §
2254 in which he challenges convictions from the year 2007 for sexual assault of an
unconscious person, taking nude photographs of a woman without her consent and accessing
her computer data without consent. (Petitioner was convicted of domestic abuse at the same
time, but he is not challenging that conviction.) Petitioner has paid the $5 filing fee, so his
petition is ready for screening under Rule 4 of the Rules Governing 2254 Petitions, which
requires the court to dismiss the petition if it plainly appears that petitioner is not entitled
to relief.

Before the court could screen the petition, petitioner filed an amended petition, dkt.
#6, along with exhibits, dkt #6-2, and what he calls a brief, but is more accurately called a
factual supplement, dkt. #7. The amended petition appears to be a replacement for the
original, so I will disregard the original petition and screen the amended one.

1

The form that petitioner submitted includes only four grounds for relief, but accompanying the petition is an "addendum" in which petitioner raises 20 "claims," many of which include both an alleged trial error and a claim for ineffective assistance of counsel for failing to challenge the alleged error. Because the first four claims in the addendum seem to match the claims in the petition, I will assume that the addendum includes all of the claims that petitioner wishes to bring. To avoid confusion, I will organize petitioner's claims the same way he does:

> (1) Wis. Stat. § 940.225(2)(d) (prohibiting sexual assault of an unconscious person) violates the First Amendment as applied to petitioner; trial and post conviction counsel were constitutionally ineffective for failing to raise this issue;

> (2) trial counsel was constitutionally ineffective for failing to move for a mistrial after the jury foreperson stated that he was "uncomfortable" viewing "the photos" and the trial judge failed to "adequately question" the juror; appellate counsel was constitutionally ineffective for failing to raise this issue on appeal;

> (3) a detective tampered with a camera that was used as evidence; "counsel" was constitutionally ineffective for failing to challenge the evidence;

> (4) petitioner's presentence investigation report included inaccurate information;

> (5) trial counsel was constitutionally ineffective for failing to object to "other acts" evidence;

> (6) petitioner's conviction for accessing computer data without consent violates the First Amendment; trial counsel was constitutionally ineffective for failing to seek dismissal of that charge;

> (7) petitioner's trial counsel was constitutionally ineffective for failing to inform petitioner of a potential lesser included offense;

> (8) the trial court violated petitioner's right to due process by failing to

consider probation as a possible sentence;

(9) the trial court violated petitioner's right to due process by refusing trial counsel's request for a continuance "to research and address inaccurate information" that the court had received in letters from petitioner's "ex-wives and their families";

(10) trial counsel was constitutionally ineffective by failing to object to the admission of petitioner's blood as evidence;

(11) trial counsel was constitutionally ineffective for failing to seek suppression of unspecified evidence on the ground that officers failed to knock before entering his home;

(12) trial counsel was constitutionally ineffective for failing to call detective Gralinski as a witness;

(13) trial counsel was constitutionally ineffective for failing to object to the definition of "unconscious" in the jury instructions;

(14) trial counsel was constitutionally ineffective for failing to file a motion to compel the state to produce sexually explicit text messages that the alleged victim had sent petitioner; appellate counsel was ineffective for failing to raise this issue on appeal;

(15) trial counsel was constitutionally ineffective for failing to seek dismissal of all but one of the charges for taking nude photographs on the ground of "multiplicity"; appellate counsel was constitutionally ineffective for failing to raise the issue on appeal;

(16) trial counsel was constitutionally ineffective for failing to seek dismissal of the charges for taking nude photographs on the ground that the charges were an "unwarranted government intrusion into [petitioner's] private, consensual intimate conduct";

(17) the judge presiding over petitioner's post conviction proceedings violated petitioner's right to due process by refusing to recuse herself;

(18) the judge presiding over petitioner's post conviction proceedings violated petitioner's right to due process by refusing to adjourn the proceedings so that petitioner could obtain his "case file";

(19) the judge presiding over petitioner's post conviction proceedings violated petitioner's right to due process by stating it was petitioner's fault that he did not have his "case file";

(20) the judge presiding over petitioner's post conviction proceedings violated petitioner's right to due process by deciding his claims before appointing counsel as she said she would.

Each of these claims either fails on its face or has a procedural defect. Petitioner admits that he raised only two issues on direct appeal: (1) Wis. Stat. § 940.225(2)(d) is unconstitutionally overbroad on its face; and (2) the evidence was insufficient for the jury to find that petitioner did not have consent to take nude photographs. State v. Schroeder, 2010 WI App 46, ¶ 6, 2010 WL 532968, at *1 (Feb. 17, 2010). He raised many more claims in the post conviction motion he brought in state court under Wis. Stat. § 974.06, arguing that appellate counsel was constitutionally ineffective for failing to raise those claims, but the Wisconsin Court of Appeals concluded that he had forfeited most of the claims by failing to develop an argument showing why he believed he was entitled to relief. The court noted that

> [petitioner's] motion fails to provide a sufficient reason explaining why these claims were not raised earlier, as part of his direct appeal. Insofar as Schroeder asserts postconviction counsel's ineffectiveness as a sufficient reason, his motion fails to allege "sufficient material facts—e.g., who, what, where, when, why, and how—that, if true, would entitle the defendant to the relief he seeks. Schroeder was required to set forth with particularity facts showing that postconviction counsel's performance was both deficient and prejudicial. While Schroeder's motion catalogues trial counsel's alleged deficiencies, it fails to explain why or how postconviction counsel erred by failing to raise these issues. By omitting any factual assertions concerning, for example, the content of his discussions with postconviction counsel about which issues were viable or postconviction counsel's stated reasons for not raising certain issues, Schroeder's allegations of deficient performance are merely conclusory. Nor has Schroeder demonstrated how he would prove postconviction counsel's

deficient performance at an evidentiary hearing. Given the strong presumption that postconviction counsel rendered effective assistance, Schroeder's motion fails to establish a reason sufficient to overcome the procedural bar.

\* \* \*

With regard to his due process and sentencing claims, Schroeder failed to allege any reason explaining why they were not raised earlier, and he is procedurally barred from raising them now.

State v. Schroeder, No. 2014AP1388, 2016 WL 8606267, at *1 and n. 3 (Wis. Ct. App. May 18, 2016) (alterations, citations and internal quotations omitted). The state court of appeals considered and rejected on the merits petitioner's challenges to the fairness of the post conviction proceedings.

When a petitioner has pursued his state court remedies but failed to properly present his claims to the state courts along the way, his claims may be barred by the doctrine of "procedural default." Perruquet v. Briley, 390 F.3d 505, 514 (7th Cir. 2004). That doctrine bars a federal court from reaching the merits of a habeas claim if the petitioner either (1) failed to present his claim to the state courts and it is clear that those courts would now hold the claim procedurally barred; or (2) presented his claim to the state courts but the state court dismissed the claim on a state procedural ground independent of the federal question and adequate to support the judgment. Perruquet, 390 F.3d at 514; Moore v. Bryant, 295 F.3d 771, 774 (7th Cir. 2002); Chambers v. McCaughtry, 264 F.3d 732, 737-38 (7th Cir. 2001). A state procedural ground is "adequate" if it is "firmly established and regularly followed." Beard v. Kindler, 558 U.S. 53, 60 (2009) (internal quotations omitted).

If a petitioner has procedurally defaulted a claim, a federal court cannot reach the

merits of that claim unless the petitioner demonstrates (1) cause for the default and actual prejudice or (2) that enforcing the default would lead to a "fundamental miscarriage of justice." <u>Steward v. Gilmore</u>, 80 F.3d 1205, 1211-12 (7th Cir. 1996) (quoting <u>Wainwright v. Sykes</u>, 433 U.S. 72, 87 (1977)). Because the Wisconsin Court of Appeals rejected many of petitioner's claim on procedural grounds, those claims must be dismissed unless petitioner can show that under the circumstances of this case, he should not be prevented from pursuing them on the ground of procedural default. I will give petitioner an opportunity to make that showing before deciding whether to dismiss those claims.

Petitioner's remaining claims fail on the merits. It is not clear whether petitioner is still asserting a claim that Wis. Stat. § 940.225(2)(d) is unconstitutional on its face. His claim in this court seems to be that the statute is unconstitutional under the First Amendment *as applied* to him. Regardless which theory petitioner means to assert, the claim has no merit. On direct appeal, petitioner's theory was that § 940.225(2)(d) was overbroad and facially invalid because "an individual in a committed sexual relationship who induces one's sleeping partner to wake up for consensual sex by touching his or her intimate parts could be guilty of sexual assault." <u>Schroeder</u>, 2010 WI App 46 at ¶ 6. The court of appeals did not identify petitioner's constitutional theory, but presumably he was arguing that the conduct described would be protected under the due process clause as a form of sexual intimacy.

As the state court of appeals noted, the overbreadth doctrine does not apply outside the First Amendment context. <u>Vrljicak v. Holder</u>, 700 F.3d 1060, 1062 (7th Cir. 2012)

(citing <u>Washington State Grange v. Washington State Republican Party</u>, 552 U.S. 442, 449–50 & n. 6 (2008); <u>United States v. Salerno</u>, 481 U.S. 739, 745 (1987)).  In other contexts, a party may challenge the constitutionality of a statute only as applied to him.  <u>Id.</u>  Although petitioner says that the victim was his girlfriend, he does not allege that he touched her in order to wake her, so the situation he identified on appeal does not apply to him.  As petitioner's appellate counsel rightly concluded, an as-applied challenge would have been unsuccessful because the jury found that petitioner's girlfriend did *not* consent to plaintiff's conduct and the constitutional right of sexual privacy is limited to consensual conduct.  <u>Lawrence v. Texas</u>, 539 U.S. 558, 578 (2003).  (Although petitioner says that the conduct was consensual, he does not challenge the sufficiency of the evidence supporting the jury's finding to the contrary.)

Petitioner's alternative argument that § 940.225(2)(d) is invalid under the First Amendment is frivolous.  The First Amendment protects the right to speak and express ideas.  There is no plausible argument that it protects nonconsensual sexual activity with an unconscious person.

This leaves petitioner's challenges to his post conviction proceedings.  Generally, errors in state post conviction proceedings do not provide a basis for redress under § 2254.  <u>Flores-Ramirez v. Foster</u>, 811 F.3d 861, 866 (7th Cir. 2016).  There is an exception in this circuit if "state collateral review violates some independent constitutional right."  <u>Id.</u> (internal quotations omitted).

The only claim that might fall under the exception is the claim that the judge who

presided over the post conviction proceedings was biased against petitioner. However, petitioner's allegations do not support this claim. He alleges that the judge made a number of negative statements, such as that his First Amendment argument "was a waste of time" and that everything he wrote in a letter to the court is "wrong" and "100% backwards"; the judge appointed a lawyer to represent petitioner while the lawyer was serving as "a supplemental court commissioner"; the judge refused to appoint a third attorney for petitioner after the first two withdrew because of an inability to get along with petitioner; and the judge interrupted petitioner many times during the hearing.

"Recusal is required when, objectively speaking, the probability of actual bias on the part of the judge or decisionmaker is too high to be constitutionally tolerable." Rippo v. Baker, 137 S. Ct. 905, 907 (2017) (internal quotations omitted). Recusal is not required simply because the judge has issued adverse rulings against a litigant or expressed negative opinions about his case. Liteky v. United States, 510 U.S. 540, 555 (1994) ("[O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible."); United States v. Diekemper, 604 F.3d 345, 352 (7th Cir. 2010) ("[T]he mere fact that a judge forms a negative opinion of a litigant during the course of a proceeding does not, by itself, constitute bias."). The statements petitioner cites may show that the judge believed that some of petitioner's claims lacked merit, but they do not show "a deep-seated . . . antagonism" against petitioner, so they do not support his claim.

Petitioner's allegation that the judge denied his request for a third court-appointed lawyer is a nonstarter because "[t]he postconviction petitioner has no constitutional right to counsel." Williams v. Pennsylvania, 136 S.Ct. 1899, 1921 (2016).

Finally, the state court of appeals addressed petitioner's allegation that there was a conflict of interest because one of his appointed attorneys was a supplemental court commissioner: "Explaining that the attorney was a limited-purpose commissioner not on the county's payroll, the judge determined this created 'no conflict of interest whatsoever' and did not affect her ability to act impartially. Nothing in the record contradicts the judge's determination of her own impartiality." Schroeder, 2016 WL 8606267, at *2. Petitioner includes no allegations in his petition that undermine the court's analysis and I see no way that any potential professional relationship the judge might have had with the defense attorney would show that the judge was likely to be biased against petitioner. Even without giving the Wisconsin Court of Appeals the deference it is due under 28 U.S.C. § 2254(d), I see no error in its decision. United States v. Morrison, 153 F.3d 34, 48 (2d Cir.1998) (recusal not required when judge's spouse had business relationship with defendant); Wu v. Thomas, 996 F.2d 271, 275 (11th Cir.1993) (recusal not required when judge was adjunct professor for defendant university); Olmstead v. CCA of Tennessee, LLC, 2008 WL 5216018, at *3 (S.D. Ind. 2008) (Hamilton, J.) (judge not required to recuse himself when one side was represented by law firm where judge had practiced and one lawyer had been judge's law clerk); Clayton v. Sklodowski, 1987 WL 11834, at *1 (N.D. Ill. 1987) ("[A] judge is not required to remove himself from a case simply because it involves a party whom

he knows professionally."). See also United States v. Murphy, 768 F.2d 1518, 1537 (7th Cir. 1985) ("[A] judge need not disqualify himself just because a friend—even a close friend—appears as a lawyer.").

ORDER

IT IS ORDERED that

1. The following claims in Ronald Schroeder's petition for a writ of habeas corpus are DISMISSED WITH PREJUDICE:

- Wis. Stat. § 940.225(2)(d) is unconstitutional on its face or as applied to petitioner; trial and post conviction counsel were constitutionally ineffective for failing to raise this issue;

- the judge presiding over petitioner's post conviction proceedings violated petitioner's right to due process by refusing to recuse herself;

- the judge presiding over petitioner's post conviction proceedings violated petitioner's right to due process by refusing to adjourn the proceedings so that petitioner could obtain his "case file";

- the judge presiding over petitioner's post conviction proceedings violated petitioner's right to due process by stating it was petitioner's fault that he did not have his "case file";

- the judge presiding over petitioner's post conviction proceedings violated petitioner's right to due process by deciding his claims before appointing counsel as she said she would.

2. As to petitioner's remaining claims, he may have until June 9, 2017, to show cause why the claims should not be dismissed under the doctrine of procedural default.

3.  If petitioner does not respond by June 9, I will dismiss all claims with prejudice.

Entered this 16th day of May, 2017.

BY THE COURT:

/s/

_____

BARBARA B. CRABB
District Judge