IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

RONALD E. SCHROEDER,

                                  Petitioner,

   v.

LIZZIE TEGELS,

                                  Respondent.

ORDER

17-cv-139-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Petitioner Ronald Schroeder has responded to the court's order to show cause why many of the claims in his petition for a writ of habeas corpus should not be dismissed under the doctrine of procedural default. Because none of the arguments in petitioner's response have merit, I am dismissing all of the claims.

Petitioner is challenging convictions from the year 2007 for sexual assault of an unconscious person, taking nude photographs of a woman without her consent and accessing her computer data without consent. He raised numerous claims in his petition, which I screened in accordance with Rule 4 of the Rules Governing 2254 Petitions. Dkt. #8. I dismissed some of the claims on the merits and concluded that the rest may be subject to dismissal under the doctrine of procedural default because the Wisconsin Court of Appeals concluded that petitioner had forfeited the claims by failing to develop an argument showing why he believed he was entitled to relief. State v. Schroeder, No. 2014AP1388, 2016 WL

1

8606267, at *1 (Wis. Ct. App. May 18, 2016) (petitioner "fails to provide a sufficient reason explaining why these claims were not raised earlier, as part of his direct appeal. Insofar as Schroeder asserts postconviction counsel's ineffectiveness as a sufficient reason, his motion fails to allege "sufficient material facts—e.g., who, what, where, when, why, and how—that, if true, would entitle the defendant to the relief he seeks."). The Court of Appeals for the Seventh Circuit has upheld as "adequate" Wisconsin's requirement that prisoners develop arguments regarding ineffective assistance of counsel. Lee v. Foster, 750 F.3d 687, 694 (7th Cir. 2014) ("The . . . rule is a well-rooted procedural requirement in Wisconsin and is therefore adequate."). Accordingly, I gave petitioner an opportunity to show that the doctrine should not apply either because he had good cause for failing to develop his arguments or because enforcing the default would lead to a fundamental miscarriage of justice. Steward v. Gilmore, 80 F.3d 1205, 1211-12 (7th Cir. 1996) (setting forth standard for overcoming procedural default).

In his response, petitioner asserts five reasons why the court should consider his petition on the merits: (1) the state failed to respond to his post conviction motion in the state circuit court, so it forfeited a "procedural bar defense"; (2) he raised all his claims "in detail" in the post conviction motion he filed in the circuit court; (3) his "biased juror" claim raises a structural error, so it cannot be forfeited; (4) he "diligently pursued" his "biased juror" claim; and (5) he did not have counsel during post conviction proceedings. I conclude that none of these reasons show either that the state court of appeals erred in rejecting his claims or that petitioner has cause for defaulting.

2

The first reason is a nonstarter because the state court of appeals was not relying on a "procedural bar defense" raised by the state. The court simply was enforcing its own rule that a petitioner must develop his argument. Regardless what the state argues, the burden remains on the petitioner to show that he is entitled to relief; the state is not required to show that petitioner lacks entitlement to relief.

Petitioner's second reason represents a challenge to the court of appeals's conclusion that petitioner failed to develop his argument adequately. This argument fails for two reasons. First, the Court of Appeals for the Seventh Circuit has declined to consider whether the state court applied its own rule properly in any particular case. Lee, 750 F.3d at 694 (rejecting argument that "the level of specificity in [habeas petitioner's] postconviction motion. . . should be sufficient to withstand review under the [Wisconsin] rule," reasoning that "our review of the adequacy of a state ground is limited to whether it is a firmly established and regularly followed state practice at the time it is applied, not whether the review by the state court was proper on the merits."). Second, petitioner cites nothing in the record showing that he identified to the state courts how his counsel rendered deficient performance and prejudiced him. The two pages he cites from his state court brief are nothing but conclusory assertions without context.

Petitioner's third reason is that a "biased juror" claim cannot be forfeited because it is a "structural error." Petitioner misunderstands the law. The Supreme Court has determined that some trial errors "are so intrinsically harmful" that prejudice is assumed and need not be proven in each case. Winston v. Boatwright, 649 F.3d 618, 632 (7th Cir.

3

2011). However, harmless error and procedural default are separate concepts. A petitioner still must show that his trial actually contained a structural error because structural errors are subject to waiver and forfeiture under the doctrine of procedural default just like any other claim. Ward v. Hinsley, 377 F.3d 719, 726 (7th Cir. 2004) ("The procedural default doctrine is grounded in concerns of comity and federalism. These concerns are in no way diminished if the federal claim raised before the federal habeas court is one of structural error.").

Petitioner's fourth reason, that he "diligently pursued" his "biased juror" claim, is another nonstarter. It is undisputed that petitioner did not raise a claim about a biased juror on direct appeal. Although plaintiff blames his counsel for that failure, that simply brings the analysis back the original problem, which is that the court of appeals concluded that petitioner failed to adequately articulate the basis for his ineffective assistance claim.

Finally, petitioner's allegation that he did not have counsel for his postconviction motion is both misleading and irrelevant. The circuit court appointed *two* lawyers for plaintiff, but petitioner could not get along with either of them. Schroeder, 2016 WL 8606267, at *1. After the second lawyer withdrew, petitioner stated that he was "grateful and relieved to have [the attorney] off my case." Id.

In any event, petitioner's status as a pro se litigant is not a ground for excusing his procedural default. Petitioner relies on Martinez v. Ryan, 566 U.S. 1, 17 (2012), in which the Supreme Court set forth the following rule: "Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a

4

procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective." This rule does not help petitioner because the Court of Appeals for the Seventh Circuit has held that it does not apply in Wisconsin: "Wisconsin law expressly allows—indeed, in most cases requires—defendants to raise claims of ineffective assistance of trial counsel as part of a consolidated and counseled direct appeal, and provides an opportunity to develop an expanded record." Nash v. Hepp, 740 F.3d 1075, 1079 (7th Cir. 2014).

In sum, petitioner has failed to identify any reason why his claims should not be barred under the doctrine of procedural default. Accordingly, I am dismissing these claims and denying his petition for a writ of habeas corpus.

Under Rule 11 of the Rules Governing Section 2254 Cases, I must issue or deny a certificate of appealability when entering a final order adverse to the petitioner. A certificate of appealability may issue if the petitioner has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). That means that petitioner must show that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). Although Rule 11 allows the court to invite further briefing on this issue, it is not necessary to do so here because the question is not a close one. In this case, it is clear that (1) most of petitioner's claims are barred under the doctrine of procedural default; and (2)

petitioner's remaining claims have no merit, as discussed in the original screening order, dkt. #8. Accordingly, no certificate will issue.

ORDER

IT IS ORDERED that

1. Petitioner Ronald Schroeder's petition for a writ of habeas corpus is DENIED.

2. The following claims in the petition are DISMISSED on the merits for the reasons stated in the May 16, 2017 order:

- Wis. Stat. § 940.225(2)(d) is unconstitutional on its face or as applied to petitioner; trial and post conviction counsel were constitutionally ineffective for failing to raise this issue;

- the judge presiding over petitioner's post conviction proceedings violated petitioner's right to due process by refusing to recuse herself;

- the judge presiding over petitioner's post conviction proceedings violated petitioner's right to due process by refusing to adjourn the proceedings so that petitioner could obtain his "case file";

- the judge presiding over petitioner's post conviction proceedings violated petitioner's right to due process by stating it was petitioner's fault that he did not have his "case file";

- the judge presiding over petitioner's post conviction proceedings violated petitioner's right to due process by deciding his claims before appointing counsel as she said she would.

3. The following claims are DISMISSED under the doctrine of procedural default:

- trial counsel was constitutionally ineffective for failing to move for a mistrial after the jury foreperson stated that he was "uncomfortable" viewing "the photos" and the trial judge failed to "adequately question" the juror; appellate counsel was constitutionally ineffective for failing to raise this issue on appeal;

- a detective tampered with a camera that was used as evidence; "counsel" was constitutionally ineffective for failing to challenge the evidence;

- petitioner's presentence investigation report included inaccurate information;

- trial counsel was constitutionally ineffective for failing to object to "other acts" evidence;

- petitioner's conviction for accessing computer data without consent violates the First Amendment; trial counsel was constitutionally ineffective for failing to seek dismissal of that charge;

- petitioner's trial counsel was constitutionally ineffective for failing to inform petitioner of a potential lesser included offense;

- the trial court violated petitioner's right to due process by failing to consider probation as a possible sentence;

- the trial court violated petitioner's right to due process by refusing trial counsel's request for a continuance "to research and address inaccurate information" that the court had received in letters from petitioner's "ex-wives and their families";

- trial counsel was constitutionally ineffective by failing to object to the admission of petitioner's blood as evidence;

- trial counsel was constitutionally ineffective for failing to seek suppression of unspecified evidence on the ground that officers failed to knock before entering his home;

- trial counsel was constitutionally ineffective for failing to call detective Gralinski as a witness;

- trial counsel was constitutionally ineffective for failing to object to the definition of "unconscious" in the jury instructions;

- trial counsel was constitutionally ineffective for failing to file a motion to compel the state to produce sexually explicit text messages that the alleged victim had sent petitioner; appellate counsel was ineffective for failing to raise this issue on appeal;

- trial counsel was constitutionally ineffective for failing to seek dismissal of all

but one of the charges for taking nude photographs on the ground of "multiplicity"; appellate counsel was constitutionally ineffective for failing to raise the issue on appeal;

- trial counsel was constitutionally ineffective for failing to seek dismissal of the charges for taking nude photographs on the ground that the charges were an "unwarranted government intrusion into [petitioner's] private, consensual intimate conduct."

4. Petitioner is DENIED a certificate of appealability. Petitioner may seek a certificate from the court of appeals under Fed. R. App. P. 22.

5. The clerk of court is directed to enter judgment and close this case,

Entered this 5th day of September, 2017.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge